b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ERIC DEWAYNE ADDISON, Petitioner | CRIMINAL DOCKET NO. 1:20-CR-00099 |
| VERSUS | DISTRICT JUDGE DRELL |
| UNITED STATES OF AMERICA, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Eric Dewayne Addison ("Addison") filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 51.

Because the record is not clear as to whether Addison indicated to his trial counsel that he wanted to appeal, an evidentiary hearing should be held on that issue only. To that extent, the Court should DEFER ruling.

Because Addison's guilty plea waived his pretrial claims, and he has not shown that had had ineffective assistance of counsel during his plea proceedings or his sentencing, his § 2255 Motion should be DENIED IN PART as to all other claims.

I. Background.

In 2021, Addison pleaded guilty to one count of possession with intent to distribute methamphetamine in the United States District Court for the Western District of Louisiana. Addison was sentenced to 135 months of imprisonment. He is currently incarcerated in FCI-Forrest City Medium in Forrest City, Arkansas.

Addison contends he was denied the effective assistance of counsel (ECF No. 51), as follows:

1. Addison's pretrial counsel failed to: (1) communicate with Addison and inform him of the relevant circumstances and likely consequences of pleading guilty as opposed to proceeding to trial; (2) file any substantive pretrial motions; (3) conduct an adequate and independent pretrial investigation; and (4) attempt to negotiate a favorable plea agreement.

2. Addison had ineffective assistance of counsel at sentencing due to counsel's failure to: (1) properly discuss and explain the PSR to Addison prior to the sentencing hearing; (2) file substantive objections to the PSR; (3) argue for mitigation of punishment and object to his sentence being substantively unreasonable; and (4) file a notice of appeal.

II. <u>Law and Analysis.</u>

  A. <u>Standards Governing § 2255 Actions.</u>

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *See* 28 U.S.C. § 2255; *United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992), *cert. den.*, 504 U.S. 962 (1992). The scope of relief under § 2255 is consistent with that of the writ of habeas corpus. *See Cates*, 952 F.2d at 151; *see also United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct

2

appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (citing *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981)); *see also United States v. Ressler*, 54 F.3d 257, 259 (5th Cir. 1995). "[A] collateral challenge may not do service for an appeal. After conviction and exhaustion and waiver of any right to appeal, '[the courts] are entitled to presume that the defendant stands fairly and finally convicted.'" *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991), *cert. den.*, 502 U.S. 1076 (1992) (citing *United States v. Frady*, 456 U.S. 152, 164-65 (1982)).

"Even if a defendant raises a constitutional error, he may not raise an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the error." *United States v. Mimms*, 43 F.3d 217, 219 (5th Cir. 1995). Absent exceptional circumstances, establishment of ineffective assistance of counsel satisfies cause and prejudice. *See United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995).

### B. <u>Ineffective Assistance of Counsel</u>

To establish that legal representation at trial fell short of the assistance guaranteed by the Sixth Amendment, a convicted defendant must meet the two-pronged test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The defendant must show that his counsel's performance was both

3

deficient (i.e., that counsel did not provide reasonably effective assistance under prevailing professional norms) and prejudicial (i.e., that errors by counsel "actually had an adverse effect on the defense). *See Anderson v. Collins*, 18 F.3d 1208, 1215 (5th Cir. 1994) (citing *Strickland*, 466 U.S. at 686-89, 693). The former component of the test authorizes only "highly deferential" judicial scrutiny, requiring the defendant to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *See id.* On the latter component, it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding; rather, he must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See id.* (citing *Strickland*, 466 U.S. at 693).

A court considering a claim of ineffective assistance must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance. *See Harrington v. Richter*, 562 U.S. 86, 104 (2011) (citing *Strickland*, 466 U.S. at 689). The challenger's burden is to show that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. *See id.*

With respect to prejudice, a challenger must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *See id.* (citing *Strickland*, 466 U.S. at 694).

4

It is not enough to show that the errors had some conceivable effect on the outcome of the proceeding.  *See id.*  Counsel's errors must be so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  *See id.* (citing *Strickland*, 466 U.S. at 687).  In the context of a guilty plea, a petitioner must prove not only that his attorney actually erred, but also that he would not have pleaded guilty but for the error.  *See Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994), *cert. den.*, 514 U.S. 1071 (1995).

      C.    <u>Addison did not have ineffective assistance of counsel before or during his change of plea hearing.</u>

Addison contends he had ineffective assistance of pretrial counsel due to his counsel's failure to: (1) communicate with Addison and inform him of the relevant circumstances and likely consequences of pleading guilty as opposed to proceeding to trial; (2) file any substantive pretrial motions; (3) conduct an adequate and independent pretrial investigation; and (4) attempt to negotiate a favorable plea agreement.

Addison had two attorneys.  The first attorney represented him through arraignment and detention, and filed the Court's standard criminal pretrial discovery motion on his behalf.  ECF Nos. 18, 20.  The second attorney represented Addison subsequent to his detention hearing, through his plea negotiations, change of plea, and sentencing.  ECF No. 28.

1. <u>**Addison's guilty plea waived all claims of ineffective assistance of pretrial counsel except those that affect the voluntariness of his guilty plea.**</u>

"[O]nce a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived. This includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983), *cert. den.*, 466 U.S. 906 (1984); *see also Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985); *Gallow v. Cooper*, 505 Fed. Appx. 285, 294 (5th Cir. 2012), *cert. den.*, 570 U.S. 933 (2013).

Therefore, three of Addison's claims regarding ineffective assistance of pretrial counsel – failing to file any substantive pretrial motions; failing to conduct an adequate and independent pretrial investigation; and failing to attempt to negotiate a favorable plea agreement – were waived by Addison's guilty plea *unless* Addison can show they affected the voluntariness of his guilty plea. Addison's guilty plea did not waive his claim that his (second) attorney failed to inform him of the relevant circumstances and likely consequences of pleading guilty as opposed to proceeding to trial.

2. <u>**Addison's guilty plea was entered voluntarily.**</u>

Addison was indicted on: two counts of possession of 50 grams or more of methamphetamine with intent to distribute; two counts of distribution of heroin; and one count of distribution of five grams or more of methamphetamine. Addison

6

pleaded guilty to just one count of possession of 50 grams or more of methamphetamine with intent to distribute, for which he faced a statutory sentencing range of 10 years to life imprisonment, and a sentencing guideline range of 135 to 168 months. ECF No. 50 at 18. The other four counts were dismissed, and Addison was sentenced to the minimum sentencing guideline range of 135 months.

"One of the most precious applications of the Sixth Amendment may well be in affording counsel to advise a defendant concerning whether he should enter a guilty plea." *Davis v. United States*, 376 F.2d 535, 537 (5th Cir.1967) (citing *Reed v. United States*, 354 F.2d 227, 229 (5th Cir.1965)); *see also Childress v. Johnson,* 103 F.3d 1221, 1227 (5th Cir. 1997). "It is clear that a defendant is entitled to the effective assistance of counsel in determining how to plead and in making his plea, and can attack his conviction collaterally if he is not given this right." *Childress,* 103 F.3d at 1227.

The Supreme Court noted in *Strickland*, 466 U.S. at 688, that "[r]epresentation of a criminal defendant entails certain basic duties. . . . [These include] the overarching duty to advocate the defendant's cause and the more particular duties to consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution." *Id.* "The Sixth Amendment imposes these duties on counsel representing the accused at a plea hearing, as well as at trial. Even when the accused intends to

7

plead guilty, counsel still must render competent service." *Id.* (citing *Herring v. Estelle*, 491 F.2d 125, 128 (5th Cir. 1974)):

> It is the lawyer's duty to ascertain if the plea is entered voluntarily and knowingly. He must actually and substantially assist his client in deciding whether to plead guilty. It is his job to provide the accused an understanding of the law in relation to the facts. The advice he gives need not be perfect, but it must be reasonably competent. His advice should permit the accused to make an informed and conscious choice. In other words, if the quality of counsel's service falls below a certain minimum level, the client's guilty plea cannot be knowing and voluntary because it will not represent an informed choice. And a lawyer who is not familiar with the facts and law relevant to his client's case cannot meet that required minimal level."

*See also Vollmer v. Davis,* 673 Fed. Appx. 406, 412 (5th Cir. 2016).

Addison contends his attorney did not communicate with him and inform him of the relevant circumstances and likely consequences of pleading guilty as opposed to proceeding to trial. However, in his Plea Agreement, Addison signed an "Affidavit of Understanding" which shows that Addison understood the rights he was giving up by pleading guilty and also that his guilty plea was "free and voluntary" and "made without any threats and inducements." ECF No. 38-1. The Rule 11 package, signed by Addison, further shows that Addison understood and agreed that the range of punishment on Count 5 (to which he pled guilty) was a minimum of ten years and a maximum of life imprisonment, and a fine or up to $10,000,000, and that the sentencing judge alone would decide what sentence to impose. ECF No. 34.

8

At the change of plea hearing (ECF No. 90), the Court reviewed the elements of the offense to which Addison pleaded guilty and the maximum possible sentence. ECF No. 90 at 14-18. The Court also discussed the sentencing calculation that would be made, and how the Court would determine what sentence to impose. ECF No. 90 at 15-16. 20-22.

Addison has not pointed specifically to any other pretrial motion that should have been filed, or shown how the lack of such motion prejudiced him. Although Addison contends his attorney failed to conduct an "adequate and independent" pretrial investigation, again Addison does not state specifically what his attorney should have investigated or how the result of that investigation would have changed his decision to plead guilty. Addison states only that his attorney failed to "challenge the government's case in chief." But a petitioner who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the proceedings. *See United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) (citing Gray v. Lucas, 677 F.2d 1086 (5th Cir. 1982)). Addison has not done that.

To prevail on an ineffective assistance claim based upon uncalled witnesses, an applicant must name the witness, demonstrate that the witness would have testified, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable. *See Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985). Unless a petitioner provides the court with affidavits (or

9

similar matter) from alleged favorable witnesses suggesting what they would have testified to, claims of ineffective assistance of counsel fail for lack of prejudice. *See Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001) (citing *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983), *cert. den.*, 467 U.S. 1251 (1984)).

Addison concedes his attorney read the Government's case file and discussed it with the prosecutor, but suggests his attorney should have hired an investigator to "piece together evidence . . . to prove [his] innocence or guilt." As previously stated, Addison has not asserted specifically what evidence was available that his attorney, or an investigator, could have "discovered."

At the change of plea hearing, the Government introduced testimony to show that FBI agents had recorded three controlled buys of drugs (heroin and methamphetamine) from Addison. ECF No. 90 at 24-25, 27. The agents then obtained a search warrant for Addison's residence and found 74.077 grams of methamphetamine. ECF No. 90 at 26. Addison does not identify any specific potentially exculpatory evidence or witness testimony that his attorney failed to "discover" or investigate.

Addison also contends his (first) attorney did not attempt to negotiate a favorable plea agreement. "Defense counsel has a constitutional duty to 'know or learn about the relevant law and evaluate its application to his or her client . . . [p]articularly when a plea bargain is discussed, and hence sentencing becomes the client's preeminent concern.'" *Finch v. Vaughn*, 67 F.3d 909, 916-917 (11th Cir.

10

1995) (quoting *Correale v. United States,* 479 F.2d 944, 949 (1st Cir. 1973)); *see also United States v. Amaya,* 111 F.3d 386, 389 (5th Cir. 1997). When a defendant pleads guilty on the advice of counsel, the attorney has the duty to advise the defendant of the available options and possible consequences. To prove that counsel was ineffective, the defendant must demonstrate that the advice was not within the range of competence demanded of attorneys in criminal cases. *See Beckham v. Wainwright*, 639 F.2d 262, 267 (5th Cir. 1981) (citing *Tollett v. Henderson*, 411 U.S. 258, 266 (1973)).

The sentencing range for the charge to which Addison pleaded guilty was set forth in the Plea Agreement that he signed. ECF No. 34 at 8. At the end of the Plea Agreement is a page, signed by Addison, that states he read the agreement, discussed it with his attorney, fully understood it, and agreed to it without reservation. ECF No. 34 at 11. The Plea Agreement also included: an explanation of the elements of the offense to which he pleaded guilty; an explanation of the rights he was waiving by pleading guilty; and a detailed factual basis setting forth the evidence that proved Addison had committed the offense. ECF No. 34 at 15-19.

Moreover, at the change of plea hearing, the Court thoroughly explained to Addison his rights and obligations under the Plea Agreement, the rights he would be giving up by pleading guilty, and the elements and maximum possible sentence of the offense to which he was pleading guilty. ECF No. 90 at 9-19. Addison admitted he had discussed all of those things with his attorney. ECF No. 90 at 13.

The Government set forth a factual basis for the guilty plea through testimony. EF No. 90 at 24. Addison stated that he was entering his guilty plea voluntarily. ECF No. 90 at 12-13, 28.

Even if Addison's attorney did not adequately explain the plea agreement and its consequences to Addison, the Plea Agreement itself, as well as the Court's explanation of it and of the maximum possible sentence, would have cleared up any misunderstandings.

Instead of being tried on five counts and facing a potential sentence of life imprisonment, Addison pleaded guilty to only one count, for which he is serving 135 months, due to the plea deal obtained for him by his attorney. Addison's attorney clearly obtained a very favorable plea agreement for him, which must have been apparent to Addison.

Addison has not shown that his guilty plea was not entered knowingly and voluntarily. Therefore, he has not shown he had ineffective assistance of counsel for his plea proceedings.

### D.  Addison did not have ineffective assistance of counsel at sentencing.

Addison also contends he had ineffective assistance of counsel at sentencing due to his attorney's failure to: (1) properly discuss and explain the presentence report to Addison prior to the sentencing hearing; (2) file substantive objections to the presentence report; and (3) argue for mitigation of punishment and object to his sentence being substantively unreasonable.

To show he had ineffective assistance of counsel at sentencing, Addison must show there was a reasonable probability that. but for trial counsel's errors. his sentence would have been different. *See United States v. Hammond*, 275 F.3d 46, at *1 (5th Cir. 2001) (citing *Glover v. United States*, 531 U.S. 198, 203-04 (2001)). "[A]ny amount of additional jail time has significance under *Strickland.*" *United States v. Herrera*, 412 F.3d 577, 581 (5th Cir. 2005) (citing *Glover,* 531 U.S. at 203).

Addison contends his attorney failed to "properly discuss and explain" the presentence report to him before his sentencing hearing, and failed to file substantive objections to it. However, at his sentencing hearing, Addison's attorney stated he had gone over the presentence report with his client (ECF No. 89 at 3). Addison's attorney filed an objection to the Pre-Sentencing Memorandum (ECF No. 41), after which the Pre-Sentence Report was amended (ECF No. 42). At the sentencing hearing, the Court reviewed and overruled that objection.[1] ECF No. 89 at 14-18.

---

[1] Addison's first attorney testified at his sentencing hearing that he discussed a plea package with the Government. ECF No. 89 at 7. Before receiving the plea package, Addison expressed remorse for his conduct. ECF No. 89 at 8. The attorney testified that, after Addison reviewed the discovery materials provided by the Government, he agreed the case against him was strong but he wanted to explore every possible avenue. ECF No. 89 at 11. Addison later called his attorney and left a message stating that he had decided to take the plea agreement. ECF No. 89 at 11. The attorney testified that he had difficulty having a conversation with Addison during the pandemic because the jail had him on lockdown, set "odd" hours for him to make phone calls, did not allow Addison to talk to his attorney privately during Zoom meetings, and did not let Addison's attorney into the jail for a period of time. ECF No. 89 at 10-13. However, when Addison and his attorney were again permitted to

13

Addison also contends his attorney failed to argue for mitigation of punishment and failed to object to his sentence being substantively unreasonable. However, Addison's attorney objected to the lack of points awarded for acceptance of responsibility in the presentence report. The Court overruled the objection, finding that, because Addison committed a new criminal offense while he was in pretrial detention, he was not entitled to a point deduction for acceptance of responsibility. ECF No. 89 at 14-15, 18. Addison "must provide a 'specific, affirmative showing of what the [mitigating] evidence would have been' to lead to a lower sentence." *United States v. Israel*, 838 Fed. Appx. 856, 871 (5th Cir. 2020) (quoting *Rector v. Johnson*, 120 F.3d 551, 564 (5th Cir. 1997) (denying certificate of probable cause), *cert. den.*, 522 U.S. 1120 (1998). Addison does not assert any other grounds for mitigation of his sentence that his attorney should have raised.

Addison complains that his attorney failed to object to his sentence as unreasonable. Addison faced a statutory penalty of 10 years (120 months) minimum to life imprisonment. Addison's guideline sentencing range was 135 months to 168 months. Despite the fact that Addison had a long criminal history of

---

communicate more, Addison again told his attorney that he wanted a plea agreement. ECF No. 89 at 11-12.

Addison's attorney testified that Addison was place on lockdown because he had brought contraband into the prison. ECF No. 89 at 13. Because Addison committed a new criminal offense while he was in pretrial detention, he was not given a point deduction for acceptance of responsibility in his presentence report. ECF No. 89 at 14-15, 18.

felony drug offenses, was indicted on four other drug charges that were dismissed, and was arrested for another drug offense that he committed after he was indicted on the charges herein, the Court sentenced him to the lowest sentence in the guideline sentencing range – 135 months. Therefore, Addison's sentence was not only reasonable, but it was also lenient.

Addison has not asserted specifically what basis his attorney should have raised to show his sentence was unreasonable. Therefore, Addison has not shown that he had ineffective assistance of counsel at sentencing.

### E. There is an issue as to whether Addison was deprived of his right to appeal.

Finally, Addison contends his attorney was ineffective for failing to file a Notice of Appeal.

"In certain Sixth Amendment contexts, prejudice is presumed." *See Garza v. Idaho*, 586 U.S. 232, 237 (U.S. 2019) (quoting *Strickland*, 466 U.S. at 692). No showing of prejudice is necessary "if the accused is denied counsel at a critical stage of his trial," *id.* (quoting *United States v. Cronic*, 466 U.S. 648, 659 (1984), or left "entirely without the assistance of counsel on appeal," *id.* (quoting *Penson v. Ohio*, 488 U.S. 75, 88 (1988)). "When counsel fails to file a requested appeal, a defendant is entitled to . . . an appeal without showing that his appeal would likely have merit." *Peguero v. United States*, 526 U.S. 23, 28 (1999). Prejudice is presumed "when counsel's constitutionally deficient performance deprives a defendant of an

appeal that he otherwise would have taken." *Garza*, 586 U.S. at 237 (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000)). This presumption applies even when the defendant has signed an appeal waiver. *See Garza*, 586 U.S. at 237 ("[E]ven the broadest appeal waiver does not deprive a defendant of all appellate claims."); *see also United States v. Leal*, 933 F.3d 426, 431 (5th Cir. 2019), *cert. den.*, 140 S. Ct. 628 (U.S. 2019).

Filing a notice of appeal is, generally speaking, a simple, non-substantive act that is within the defendant's prerogative. *See Garza*, 586 U.S. at 239. "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. . . . [F]iling a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes." *Garza*, 586 U.S. at 241 (quoting *Flores–Ortega*, 528 U.S. at 477); *see also United States v. Calderon*, 665 Fed. Appx. 356, 364 (5th Cir. 2016).

Where an attorney performed deficiently in failing to file a notice of appeal despite the defendant's express instructions, prejudice is presumed "with no further showing from the defendant of the merits of his underlying claims." *See Garza,* 586 U.S. at 242 *(citing Flores-Ortega*, 528 U.S. at 484); *Rodriquez v. United States*, 395 U.S. 327, 330 (1969) (the petitioner does not have to specify the points he would raise were his right to appeal reinstated).

16

Addison contends he told his attorney that he wanted to file an appeal. He complains that his attorney discouraged him from appealing, advising him that, in the worst case, all of the original charges could be reinstated against Addison.[2]

However, Addison had a right to make the decision to disregard his attorney's advice and have a notice of appeal filed. Despite the fact that Addison pleaded guilty pursuant to a plea agreement, he had a right to appeal. Therefore, if Addison indicated to his attorney that he wanted to appeal, and his attorney failed to file at least a Notice of Appeal, prejudice would be presumed.

Where a defendant has had ineffective assistance of counsel which results in the loss of the right of first appeal, reinstatement of the right of appeal is the appropriate remedy. *See United States v. West,* 240 F.3d 456, 459 (5th Cir. 2001); *Mack v. Smith*, 659 F.2d 23, 25-26 (5th Cir. Unit A 1981); *Atilus v. United States*, 406 F.2d 694, 698 (5th Cir. 1969). Of course, a district court lacks authority to grant an out-of-time appeal. *See* Fed. R. App. P. 4. Therefore, if a § 2255 movant proves his claim of ineffective assistance of counsel to the satisfaction of the district court, the § 2255 petition should be dismissed without prejudice, and the judgment of conviction should be reinstated on the docket of the trial court as of the date to be fixed by the trial court from which the time of the appeal shall run. *See West,* 240 F.3d at, 459; *Mack*, 659 F.2d at 26; *Atilus*, 406 F.2d at 698; *see also Allen v. United States*, 938 F.2d 664, 665 (6th Cir. 1991).

---

[2] Addison's complaint is not well-founded. His attorney was doing his job by advising him against an appeal.

The record before the Court does not show whether Addison actually requested that his attorney file an appeal. "If the evidence does not 'conclusively show' whether the petitioner requested that counsel file an appeal, the district court should hold an evidentiary hearing on the issue." *United States v. Higgins*, 459 Fed. Appx. 412, 413 (5th Cir. 2012) (citing *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007)); *see also United States v. Albarran-Moreno*, 70 Fed. Appx. 215, at *1 (5th Cir. 2003) (remand to determine whether defendant, who was convicted pursuant to a guilty plea, requested that his attorney file an appeal).

Therefore, an evidentiary hearing should be held to determine whether Addison can show, by a preponderance of the evidence, that he indicated to his attorney that he wanted to file an appeal. If he can, prejudice will be presumed and Addison will be entitled to file an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal.

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that this matter be referred to the undersigned for an evidentiary hearing on the sole issue of whether Addison indicated to his trial counsel that he wanted to appeal. A supplemental report and recommendation will address that issue.

IT IS RECOMMENDED that Addison's § 2255 Motion be DENIED as to all other issues.

Under the provisions of 28 U.S.C. § 636(b)(1)(C), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the Magistrate Judge is neither required nor encouraged. Timely objections will be considered by the District Judge before he makes a final ruling.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases (and other habeas cases pursuant to Rule 1(b)) in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen**

(14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

    THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __22nd__ day of November 2024.

                                                  Joseph H.L. Perez-Montes
                                                 United States Magistrate Judge